MARRERO ET AL., RECURRENTES, *v.* EL REGISTRADOR DE ARECIBO, RECURRIDO.

No. 595.—*Sometido:* Junio 14, 1924. *Resuelto:* Junio 18, 1924.

BIENES PRIVATIVOS—BIENES GANANCIALES—PRESUNCIÓN DE GANANCIALES.—La presunción, de existir alguna, de que el dinero en poder de un hombre o mujer casado es el producto de una venta de propiedad efectuada hacía más de siete años antes de la fecha en cuestión, aún cuando esté adicionada por una declaración no jurada de la parte interesada, no es bastante para destruir la presunción legal del carácter de ganancial de la propiedad que está en posesión de cualquiera de los esposos.

NOTA de *Emigdio S. Ginorio,* R. (Arecibo), en inscripción de escritura con defecto subsanable. *Confirmada.*

*E. Marín Marién,* abogado de los recurrentes; El registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Por escritura pública otorgada en enero del año 1917 por Jesús Figueroa, soltero, como mandatario de María Miranda y Morales y Marcelina, Salvador, y María Celestina Marrero Miranda, estos vendedores representaban ser los dueños, en unión de otros coherederos que no inter-

vinieron en la escritura, de ciertos derechos y acciones en una finca rústica "por concepto de gananciales, caso que los hubiere y por herencia paterna."

Se vuelve a hacer referencia a la finca descrita en esta escritura como adquirida por los vendedores por concepto de gananciales como antes se ha dicho y por herencia paterna de José Marrero y García, esposo y padre de los expresados mandantes, y por herencia también de Rosa María Marrero, hija de María Miranda Morales, que falleció sin dejar descendientes.

Después se expresa que:

"Don Jesús Figueroa Pagán, como apoderado de Doña María Miranda Morales y de los hermanos Doña Marcelina, Don Salvador y Doña María Celestina Marrero Miranda vende a Don Miguel Torres Gómez, todos los derechos y acciones que sus mandantes tienen en la finca deslindada en esta escritura por concepto de gananciales y herencia paterna, así como también los derechos y acciones que corresponden a doña María Miranda Morales, por herencia de su hija Rosa María Marrero Miranda, venta que se efectúa por la suma de mil dólares, que el señor Figueroa confiesa recibidos de manos del comprador, antes de este acto, para entregar a sus poderdantes en la proporción que por sus derechos corresponda."

En mayo de 1924, Torres Gómez vende nuevamente a Marcelina, Salvador y Catalina Marrero y Miranda, mediante el precio de $500, que el vendedor confesó haber recibido con anterioridad, de los compradores, todos sus derechos y acciones adquiridos por él en el año 1917.

En esta escritura Figueroa comparece como esposo de Marcelina Marrero y Miranda y en su carácter de mandatario verbal autorizado por todos los compradores para los fines de aceptar la escritura, la cual también contiene el siguiente párrafo:

"Segunda.—El Señor Figueroa hace ahora constar por habérselo así expresado los compradores, de los cuales es mandatario verbal, que el dinero que han entregado al señor Torres procede de la misma venta de los derechos y acciones que como herederos tenían en el mismo inmueble que se ha deslindado, de su legítimo padre,

Don José Marrero García, todo lo cual resulta acreditado del propio Registro de la Propiedad, aclaración que hace el señor Figueroa Pagán a fin de que en el registro se haga esta inscripción de la finca como bienes privativos de los adquirentes. . . . . .''

Al inscribir este documento el registrador hizo constar el defecto subsanable de que el mismo no acreditaba suficientemente que el dinero importe de la compra fuera de la exclusiva propiedad de los adquirentes.

Para los fines de esta opinión puede admitirse, sin resolver, que la escritura de 1917, demuestra concluyentemente que los derechos y acciones por ella vendidos habían sido adquiridos por herencia por aquellos de los vendedores en ella que ahora comparecen como compradores, y que la manifestación hecha por Figueroa, considerada como una admisión contra su interés, es bastante para identificar la parte del precio de venta satisfecha por su esposa como porción suya en el producto de la venta hecha en 1917.

Pero consta también que Salvador y Celestina son ahora casados y ninguno de sus cónyuges intervinieron en la escritura posterior. Por tanto, en cuanto a ellos, la única prueba de la correspondiente identidad son sus mismas declaraciones para beneficio propio, que no proceden directamente de ellos, sino como declaración de referencia de Figueroa cuya autoridad, si alguna tiene, para hablar a nombre de ellos es también verbal y sólo ha sido afirmada por él.

La presunción, de existir alguna, de que el dinero en poder de un hombre o mujer casado es el producto de una venta de propiedad, efectuada hacía más de siete años antes de la fecha en cuestión, aun cuando esté adicionada por una declaración no jurada de la parte interesada, no es bastante para destruir la presunción legal del carácter de ganancial de la propiedad que está en posesión de cualquiera de los esposos.

Toda vez que el alegato de los apelantes no establece ninguna distinción entre la condición de ninguno de ellos y

la de los otros, y el abogado no ha sugerido ninguna modificación en la nota recurrida, ésta *debe ser confirmada.*